[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10332
Non-Argument Calendar
_____

D. C. Docket No. 07-23039-CV-PCH

GEDIMEX, S.A.,

Plaintiff-Appellee,

versus

NIDERA, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2008)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This is Nidera, Inc.'s appeal from the district court's order denying its

motion to dismiss or stay proceedings to allow for arbitration of Gedimex, S.A.'s breach of contract suit against Nidera.

Between 2002 and 2007 Gedimex bought approximately fifty large shipments of bulk rice from Nidera. Each shipment was governed by an identical written standard form contract. Those contracts each contained a clause mandating the arbitration of disputes stemming from those contracts before the Grain and Feed Trade Association in London. The arbitration clause in the series of form contracts between Gedimex and Nidera provides that:

> Any and all disputes arising out of or under this contract or any claim regarding the interpretation or execution of this contract shall be determined in accordance with the GAFTA Arbitration Rules, No. 125, in the edition current at the date of this contract, such Rules are incorporated into and form part of this Contract and both parties hereto shall be deemed to be fully cognizant of and to have expressly agreed to the application of such Rules.[1]

According to the allegations in Gedimex's complaint, four months after the first rice purchase Nidera and Gedimex entered into a separate oral contract in which Nidera agreed to supply Gedimex with empty bags at cost to facilitate shipment of the rice. That oral contract did not include an agreement to arbitrate

---

[1] Nidera also points to language in Article 2:2 of GAFTA Rules 125, which sets forth time limitations on when claims may be arbitrated. Article 2:2 is prefaced with the phrase: "In respect of all other disputes relating to the sale of goods." Nidera contends that this "relating to" language demonstrates the parties' intention to arbitrate any dispute related to the sale of goods, here rice. We disagree. The phrase "relating to" is not contained in the arbitration clause and its inclusion in Article 2:2 of GAFTA Rules 125 does not expand the scope of that clause.

2

disputes arising out of it.

On November 1, 2007 Gedimex sued Nidera in a Florida state court, alleging that Nidera breached the oral contract to supply empty bags at cost and was unjustly enriched by overcharging Gedimex for the bags. Nidera removed the case to federal court and moved to dismiss or stay the case on the ground that the subject matter of the dispute was covered by the arbitration clause in the rice purchase contracts.

The district court heard oral argument on Nidera's motion and denied that motion in a written order. The court concluded that the bulk rice contracts were separate and independent from the empty bag contract and, accordingly, the arbitration clause found in the rice contracts did not apply to a dispute arising out of the empty bag contract.

We review de novo the district court's order denying Nidera's motion to dismiss or stay Gedimex's action to allow the parties to arbitrate. See generally Bess v. Check Express, 294 F.3d 1298, 1302 (11th Cir. 2002). While we recognize the strong federal policy in favor of arbitration, see generally Seaboard Coast Line R.R. Co. v. Trailer Train Co., 690 F.2d 1343, 1348 (11th Cir. 1982), we will not compel parties to arbitrate a dispute where the parties have not agreed to do so, Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004).

We give the phrase "arising out of" in an arbitration clause a broad reading, but as we explained in <u>Telecom Italia, SpA v. Wholesale Telecom Corp.</u>, 248 F.3d 1109 (11th Cir. 2001):

> Disputes that are not related—with at least some directness—to performance of duties specified by the contract do not count as disputes "arising out of" the contract, and are not covered by the standard arbitration clause. . . .  However, where the dispute occurs as a fairly direct result of the performance of contractual duties . . . , then the dispute can fairly be said to arise out of or relate to the contract in question, and arbitration is required.

<u>Id.</u> at 1116.

We agree with the district court's conclusion that the arbitration clauses in the standard form rice contracts do not encompass Gedimex's claims relating to the separate oral agreement to supply empty bags at cost.  Each of those arbitration clauses was explicit that it covered only disputes arising out of that particular contract.  The dispute Nidera seeks to arbitrate is not "a fairly direct result of the performance" of any of the duties set forth in the rice purchase contracts.  See <u>id.</u> Our conclusion is supported by our recent decision in <u>International Underwriters AG v. Triple I: Int'l Invs., Inc.</u>, ___ F.3d ___, No. 07-10284, 2008 WL 2717182 (11th Cir. July 14, 2008), which held that the arbitration clause of an escrow agreement between the parties did not apply to a claim arising out of their separate but related written bond commitment because the defendant "could have breached

4

its bond commitment and defrauded [the plaintiff] even if there had been no escrow agreement at all." Id. at *15–14. Similarly, although the contracts in this case are clearly related, Nidera and Gedimex could have entered into the empty bag contract and the breach Gedimex alleges could have occurred even if there were no rice purchase contracts.[2] The arbitration clauses in the rice purchases contracts therefore do not encompass the dispute Nidera seeks to arbitrate.

If the parties had intended to arbitrate the empty bag dispute, they could have agreed to do so. Or, the parties could have modified the rice purchase form contracts to require arbitration of any disputes arising between the parties. But they did not. We will not compel arbitration of a dispute arising out of one contract on the basis of an arbitration clause in a separate and distinct contract where the arbitration clause is limited to disputes arising out of the first contract.

**AFFIRMED.**

---

[2] Nidera argues that without the rice purchase agreements, there would have been no consideration for its promise to supply Gedimex with empty bags at cost. We disagree. Agreeing to sell someone goods at cost may not be commercially wise, but a contract to do so would be supported by consideration. One party promises to pay for the goods, the other party promises to tender them. Those promises are not insubstantial or illusory, and therefore constitute sufficient consideration. See generally Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1311 (11th Cir. 1998).